## O'Brien's Estate.

*Decedents' estates—Wills—Election by husband to take under will—Binding force of election.*

Where a husband elected in writing to take under the provisions of the will of his deceased wife, with full knowledge of the extent of her estate and provisions of her will and the character of the paper he signed in making his election, the court properly dismissed a petition subsequently made by him for leave to take against the will.

Argued Feb. 9, 1915. Appeal, No. 474, Jan. T., 1914, by Charles O'Brien, from decree of O. C. Bucks Co., dismissing husband's petition for leave to take against his wife's will in Estate of Catharine O'Brien (or O'Brine), deceased. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Petition by husband for leave to take against will of his deceased wife. Before RYAN, P. J.

From the record it appeared Catharine O'Brien (or O'Brine), the decedent, died in the Borough of Bristol, Bucks County, on January 8, 1913, testate, leaving to survive her, the petitioner, her husband, and certain collateral heirs but no issue. Her will, which was dated March 24, 1909, was duly admitted to probate by the register of said county, and letters testamentary were granted thereon, to John S. McFadden, the executor named therein, on January 16, 1913. Under the pro-

visions of the will all the decedent's estate, both real and personal, was devised and bequeathed to her husband for life, and at his death distributed among nephews and nieces and a sister.

According to the inventory and appraisement filed, the personal estate amounted to $480.70. The real estate valued at $2,700.

Charles O'Brien presented his petition setting forth inter alia that he elected to take against the will of his wife in writing on September 11, 1913, and praying that he be allowed $5,000, as the surviving husband out of said estate, "under the provisions of the Act of May 4, 1855, P. L. 430, and the Act of April 1, 1909, P. L. 87, and the decisions of the Supreme Court thereunder." John S. McFadden, the executor and legatee and devisee under the will of the said Catharine O'Brien, filed an answer to said petition and exceptions to the allowance prayed for. One exception averred that on January 15, 1913, the petitioner executed and delivered to the respondent, McFadden, a paper in the following form: "Bristol, Pa., January 15, 1913, I, Charles O'Brien, surviving husband of Catharine O'Brien, deceased, do hereby acknowledge that I am familiar with her last will dated twenty-fourth day of March, 1909, as well as her property comprising her estate, and I do declare that I am satisfied with said will and I will abide thereby.

His

Witnesses:       signed    CHARLES (X) O'BRIEN.
   NEAL D. MULLIGAN.              Mark.
   BERNARD A. SWEENEY.

This paper was first filed by the deputy register on January 16, 1913. It was afterward acknowledged and recorded in the recorder's office in Bucks County, on January 8, 1914, in Miscellaneous Book, 42, page 331, etc., and refiled in the office of the register of wills of said county on January 16, 1914. It further appeared that the will of Catharine O'Brien was made by agreement

with said Charles O'Brien, who at the same time executed his will in the same terms as hers in pursuance of the agreement, and that said contemporaneous wills were made upon further consideration that said decedent then gave her said husband a one-half interest in all her property which he now retains and possesses.

The court dismissed the petition.

*Error assigned,* among others, was in dismissing the petition.

*William O. Armstrong,* with him *Henry T. Williams,* for appellant.

*Herman Yerkes,* with him *Reuben J. Butz,* for appellee, were not heard.

PER CURIAM, March 1, 1915:

Charles O'Brien, the appellant, elected in writing to take under the provisions of the will of his deceased wife. The court below, having found that he so elected with full knowledge of the extent of her estate, of the provisions of her will and of the character of the paper he signed in making his election, committed no error in holding him to it.

Appeal dismissed at appellant's costs.